[No. 5182.]
[No. 2786 C. A.]

THE PEOPLE v. JOHNSON.

1. **Game—Replevin—Right to Prosecute—Burden of Proof.**

In an action of replevin for deer hides by the state game and fish commissioner under 3 Mills' (Rev.) Stats., § 2061, the burden is upon the defendant to allege and prove facts which entitle him to the possession of the hides under the law.—P. 78.

2. **Former Opinion Followed.**

This case is reversed and remanded with instructions to enter judgment against defendant, in accordance with Hornbeke v. White, 20 Colo. App. 13.—P. 78.

*Appeal from the County Court of Rio Blanco County.
Hon. H. A. Wildhack, Judge.*

Action by the people against James Johnson.
From a judgment for defendant, plaintiff appeals.

Reversed.

Mr. CHARLES C. POST, attorney general, Mr.
JAMES D. MERWIN and Mr. GEO. M. POST, assistants
attorney general (Mr. E. A. MARTIN, of counsel), for
appellant.

Mr. M. T. RYAN and Mr. JAMES C. GENTRY, for
appellee.

Mr. JUSTICE MAXWELL delivered the opinion of
the court:

This was an action of replevin, instituted in the
name of the People of the State of Colorado by the
state game and fish commissioner, to recover posses-
sion of 431 deer hides, alleged to have been unlaw-
fully taken and held by the defendant.

Authority for the institution and maintenance of
this action is found in section 15, page 188, Session
Laws 1899, which provides:

"The commissioner may, if he so elect, bring
and maintain a civil action in the name of the people
of the state for the possession of any game or fish
taken, killed or held in violation of this act, or for the
value thereof, against any person in possession or
exercising control over the same, and if required by
the commissioner, a writ of replevin shall issue there-
in without bond. No previous demand for possession
shall be necessary."

In *Hornbeke v. White,* 20 Colo. App. 13, it was
held that the act of the general assembly of 1899

(Session Laws 1899, page 184), entitled, "Game and Fish," entirely prohibited traffic in the game of this state or any part thereof, no matter when killed, unless expressly permitted by law, and that it was incumbent upon one in the possession of deer hides to point out some provision of the law which permitted him to have such possession, and that a failure upon the part of such person to allege and prove facts which would entitle him to possession under the law would defeat his recovery.

, Defendant in his answer simply denies the allegations of the complaint, makes no attempt to allege facts which would entitle him to the possession of the hides under the law, and there was no attempt at the trial to prove such facts. Defendant's testimony convicted him of being in the unlawful and wrongful possession of the hides, under the law as it existed at the time they were taken under the writ, and as the law is announced in *Hornbeke v. White, supra.*

Numerous errors are assigned upon exceptions reserved to the rulings of the court upon the admission and rejection of evidence and the charge to the jury.

All questions raised thereby are ruled in the *Hornbeke-White case, supra,* contrary to the position taken by appellee at the trial, and in favor of the position taken by appellant here.

A discussion of these questions would unnecessarily prolong this opinion without resultant good. Upon the authority of *Hornbeke v. White, supra,* the judgment of the court below is reversed, the cause remanded with instructions to the court below to enter judgment against the defendant according to the prayer of the complaint.          *Reversed.*

Chief Justice Gabbert and Mr. Justice Gunter concur.